**CV14-3296**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAGMOND HARDY and GREGORY HARDY

                Plaintiffs,

      -against-                                  **COMPLAINT**

                                                     **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, and POLICE OFFICERS
"JOHN DOES"1-25 A fictitious name representing
police officers Whose names are currently unknown.
                                Defendants.
-----------------------------------------------------------------X

        Plaintiffss **JAGMOND HARDY and GREGORY HARDY**, by their attorney, LAUREN P. RAYSOR, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.     Plaintiffs brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. Section 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§1983 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1319(b), in that this is District where the claim arose.

5.     Plaintiffs respectfully demands a trial by jury of all issues in this matter

pursuant to Federal Rules of Civil Procedure 38(b).

## PARTIES

6. Plaintiffs are black males who, at all relevant times herein, is a citizen of the United States, and a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized police authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, Police Officers "JOHN DOE" #1-25, individually and in their official capacities, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered 1 through 12 with the same force and effect as if fully set forth herein.

14. On or about August 30, 2013 Claimant Jagmond Hardy and Gregory Hardy were walking in Far Rockaway NY by Cornaga when a fight broke out between some people that were walking in front of them.

15. When the fight broke out around 15 cop cars pulled up to them and one Asian Officer came at Gregory Hardy and his brother Jagmond Hardy got in front of his brother and the Asian cop grabbed Jagmond Hardy by the throat and pushed him to the floor.

16. When more cops came over and put both claimants on floor and arrested them and charged them with Disorderly conduct and Resisting arrest. Plaintiffs spent the night in Queens central Booking.

17. Claimants were walking alone and not with the other people that were fighting.

## FIRST CLAIM FOR RELIEF

### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. §1983

18. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 17 with the same force and effect as if fully

set forth herein.

19. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

20. All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C §1983.

21. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

23. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

24. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiffs suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

**SECOND CLAIM FOR RELIEF**

**<u>FALSE ARREST UNDER 42 U.S.C. §1983</u>**

25. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

26. As a result of defendants' aforementioned conduct, Plaintiffs was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

27. As a result of the foregoing, Plaintiffs liberty was restricted for an extended period of time, and he was put in fear of his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

28. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiffs suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

### THIRD CLAIM FOR RELIEF

### MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

29. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

30. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiffs.

31. Defendants lacked probable cause to initiate criminal proceedings against Plaintiffs.

32. Defendants were motivated by actual malice in initiating criminal

proceedings against Plaintiffs.

33. Defendants misrepresented and falsified evidence before the District Attorney.

34. Defendants did not make a complete and full statement of facts to the District Attorney.

35. Defendants withheld exculpatory evidence from the District Attorney.

36. Defendants misrepresented and falsified evidence before the Grand Jury.

37. Defendants were directly and actively involved in continuing criminal proceedings against Plaintiffs.

38. Defendants lacked probable cause to continue criminal proceedings against Plaintiffs.

39. Defendants were motivated by actual malice in continuing criminal proceedings against Plaintiffs.

40. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

41. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiffs suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages and physical injury

## FOURTH CLAIM FOR RELIEF

### MALICIOUS ABUSE OF LEGAL PROCESS UNDER 42 U.S.C. §1983

42. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 41 with the same force and effect as if fully set forth herein.

43. Police Officers "JOHN DOE" #1-25 lacked evidence and/or probable to stop Plaintiffs/ or place Plaintiffs under arrest, but still proceeded to arrest him and cause him unjustifiably to make court appearances.

44. Police Officers "JOHN DOE" #1-25 acted with intent to do harm to Plaintiffs without excuse or justification.

45. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiffs suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages and physical injuries.

## FIFTH CLAIM

## MUNICIPAL LIABILITY

46. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 45 with the same force and effect as if fully set forth herein.

47. Police Officers "JOHN DOE" #1-25 created false evidence against Plaintiffs and forwarded false information to prosecutors, notwithstanding their knowledge that said fabrications would jeopardize Plaintiffs liberty, well-being, safety and constitutional rights.

48. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers, state actions with all the actual and/or apparent authority attendant thereto, following customs, policies and practices of the municipal defendant .

50. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

51. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to falsifying police reports and fabricating evidence to conceal the wrongful apprehension of persons arrested without probable cause for such arrests.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to Plaintiffs's safety, well-being and constitutional rights.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the violations of the constitutional rights of Plaintiffs.

54. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, Plaintiffs was unlawfully incarcerated.

55. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiffs's constitutional rights.

56. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs's constitutional rights.

57. All of the foregoing acts by defendants deprived Plaintiffs of federally protected rights, including, but not limited to:

a. The right to not to be deprived of liberty without due process of law;

b. The right to be free from unlawful search and seizure;

c. The right to be free from unwarranted and malicious criminal prosecution;

d. The right to equal protection under the law.

58. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiffs suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

## SIXTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 58 with the same force and effect as if fully set forth herein.

60. Defendant City of New York, through the purposeful actions of its agents, servants and employees, engaged in extreme and outrageous conduct and intentionally inflicted severe emotional distress upon Plaintiffs.

61. This intentional conduct by defendants, to wit, and Police Officers "JOHN DOE" #1-25, has caused Plaintiffs to suffer severe mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

## SEVENTH CLAIM FOR RELIEF

### NEGLIGENT HIRING AND RETENTION

62. Plaintiffs repeats and realleges each and every allegation contained in paragraphs 1 through 61 with the same force and effect as if fully set forth herein.

63. Upon information and belief, defendant City of New York failed to use

reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of Plaintiffs.

64. to engage in the wrongful conduct heretofore alleged in this Complaint.

65. Upon information and belief defendant City of New York negligently trained, hired, retained and supervised, Officers JOHN DOE #1-25 who conducted and participated in the arrest of Plaintiffs and who the City of New York knew, or should have known had the propensity to falsely arrest African Americans.

66. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiffs suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

**WHEREFORE**, by reason of the aforesaid conduct by defendants, Plaintiffs, **JAGMOND HARDY and GREGORY HARDY**, demands the following relief:

(a) compensatory damages in the amount of ten million dollars ($10,000,000.00);

(b) punitive damages; (c) attorney's fees, as well as costs and disbursements, and (d) any further relief that the Court may find just and proper.

Dated: New York, New York

   May 16, 2014        By:

                  LAUREN P. RAYSOR

                  (LPR1551)

                  Attorney for Plaintiffs

*/s/ Lauren P. Raysor*